**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CLARENCE WILLIAMS, | ) | NO. CV 07-08346 PA (SS) |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING AND MODIFYING** |
| | ) | **FINDINGS, CONCLUSIONS, AND** |
| v. | ) | **RECOMMENDATIONS OF UNITED STATES** |
| | ) | **MAGISTRATE JUDGE** |
| KELLY HARRINGTON, Warden | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein and the Report and Recommendation of the United States Magistrate Judge. The time for filing Objections to the Report and Recommendation has passed and no Objections have been received. The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge, except as modified below:

\\
\\
\\
\\
\\
\\

The Court modifies the Report at page 13, line 11 as follows:

The recent Ninth Circuit decision in <u>Briceno v. Scribner</u>, __ F.3d __, 2009 WL 426303 (9th Cir. February 23, 2009), does not alter the Court's conclusion. In <u>Briceno</u>, the Ninth Circuit considered the sufficiency of evidence to convict a defendant of violating California Penal Code section 186.22(b), the California statute that provides a sentence enhancement when a defendant commits a felony for the benefit of a gang. The <u>Briceno</u> court found that the expert witness's testimony alone was insufficient to warrant the §186.22(b) enhancement. <u>Briceno</u>, 2009 WL 426303 at *8-*11. The expert witness failed to offer any testimony about the defendant's specific intent in committing the predicate crimes and "there [was] no evidence whatsoever of any connection between the gang and the [predicate offenses]." <u>Id.</u> at *10. When presented with a hypothetical and asked whether the crimes were committed with intent to promote, further and assist criminal conduct by other members of the gang, the gang expert "responded in generalities" about "glorif[ying] the gang and increas[ing] the status of the offenders." <u>Id.</u> at *8. The <u>Briceno</u> court reversed, finding that the prosecution's evidence was insufficient to show that the defendant intended to benefit a gang by his criminal activity.

In the instant case, however, there is ample evidence of a connection between Petitioner's crimes and his involvement in the Black P-Stones. As in <u>Briceno</u>, the expert witness did

2

1  not directly opine as to Petitioner's specific intent, but, as
2  the <u>Briceno</u> court noted, "under California law, a gang expert
3  cannot testify as to a defendant's specific intent in
4  committing a crime." <u>Id.</u> at *8, fn. 2.  The gang expert in
5  the instant case did, however, give a direct opinion that the
6  party in the hypothetical crime presented to him "committed
7  [the crime] in furtherance or in benefit of the Black P-Stone
8  criminal street gang." (4 RT 1585-86).  Unlike <u>Briceno</u>, the
9  prosecution here provided the jury with substantial additional
10 evidence of Petitioner's involvement in a criminal street
11 gang.  The jury heard testimony that Petitioner told a police
12 officer that he was a member of the Black P-Stones.  (4 RT
13 1579).  A police officer testified that Petitioner was wearing
14 gang attire, had the phone numbers of several known Black P-
15 Stone gang members in his phone, and was in an area controlled
16 by the Black P-Stones.  (4 RT 1580).  The jury also heard
17 testimony that the Black P-Stones often target Hispanic
18 victims walking through the Black P-Stones territory.  (4 RT
19 1573).

21      Accordingly, <u>Briceno</u> does not compel habeas relief here.
22 The jury had ample evidence, other than the expert testimony,
23 to conclude that Petitioner committed these crimes for the
24 benefit of, at the direction of, or in association with a
25 criminal street gang with the specific intent to promote,
26 further, or assist in criminal conduct by gang members.
27 Petitioner therefore cannot show that his counsel's failure to
28 object to the expert witness's opinion testimony prejudiced

the outcome of his trial. Petitioner's ineffective assistance of counsel claim fails.

Accordingly, IT IS ORDERED THAT:

1. The First Amended Petition is DENIED and Judgment shall be entered dismissing this action with prejudice.

2. The Clerk shall serve copies of this Order and the Judgment herein by United States mail on Petitioner and on counsel for Respondent.

DATED: March 21, 2009

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

4